The judgment of the County Court is therefore affirmed.

---

*Court of Probate* — WILSON and WHITE, prosecutors.

*vs.*

KEELER and WOOSTER.

If an Administrator *de bonis non* neglect to make an inventory of all the estate of the deceased, real and personal, which remained unadministered by the former Administrator, and return the same to the Court of Probate within the time limited by the Court, is a breach of the condition of his bond.

If such Administrator neglect to settle the account of his administration within the time limited, it is a breach of the condition of the administration bond — nor will a settlement of the account of his administration, after the commencement of a suit on the administration bond, after judgment therein by *nil dicit*, for the penal sum, save the condition, or bar the action on the bond.

*Chittenden,*
*January,*
*1824.*

THIS was an action of debt on an administration bond executed by Elijah Keeler and Lyman Wooster, on granting to the said Keeler letters of administration *de bonis non* on the estate of Charles McNiel, deceased.

The declaration, after setting forth the bond with the condition in common form, proceeded to assign breeches of the condition as follows :—" Now the said Court of Probate for the District of Chittenden saith, that after the execution of the writing obligatory aforesaid, to wit, on the 1st day of March, 1818, at Charlotte in the County of Chittenden, aforesaid, goods, chattels, rights, credits and estate, which were of the said Charles McNeil, not administered, to the amount of eight thousand dollars, came to the hands and possession of the said Elijah Keeler, administrator *de bonis non* as aforesaid ; and that the said Elijah Keeler, administrator *de bonis non* as aforesaid, has not exhibited or caused to be exhitbited, into the registry of the Court of Probate for said District of Chittenden, any inventory of the goods, chattels, rights, credits and estate which were of the said Charles McNeil deceased, not administered or of any other goods, chattels, rights, credits or estate, which were of the said Charles Mc

*Chittenden,*
*January,*
*1824.*

Wilson and
White
*vs.*
Keeler and
Wooster.

Neil deceased, although the time set and limited in the condition of the said writing obligatory, for exhibiting or causing to be exhibited such inventory has long since elapsed, and that the said Elijah Keeler has not made or caused to be made any account of his administration, of the goods, chattels, rights credits and estate, which were of the said Charles McNeil deceased, according to the condition annexed to the said writing obligatory, although the time set and limited in and by said condition for so doing has long since elapsed; but has neglected and refused to render unto the said Court of Probate for the District of Chittenden any account of his administration, although he the said Elijah Keeler was afterwards, to wit, on the 27th day of June, 1820, at Burlington, in said District of Chittenden, by the Honorable Jabez Penniman, then Judge of Probate for said District, ordered and directed to make and render to said Judge of the Court of Probate aforesaid an account of his administration as aforesaid; and has wasted the goods, chattels, rights credits and estates which were of the said deceased.

And the said Court of Probate for the District of Chittenden further saith, that on the 5th day of April, 1811, at Charlotte, in said District of Chittenden, Erasmus Towner, Francis Braken-ridge, and Wm. Williams, Commissioners duly appointed by the said Court of Probate to examine and adjust the claims of the creditors of the said Charles McNeil deceased, represented insol-vent, among other creditors of said estate, found due and allowed to James Wilson, late of Quebec in the Province of Lower Can-ada, now of Danville in the County of Caledonia and State of Vermont, Peter S. Robinson, late of Quebec aforesaid now de-ceased, and James White of Paisley in Scotland in the Kingdom of Great Britian, then merchants in company, under the firm of Wilson, Robinson & Co. they being creditors of said estate, the sum of $856, from the estate of the said Charles McNeil de-ceased. Which said allowance of said Commissioners, was after-wards, to wit, on the 7th day of May, 1811, and in the life time of the said Peter S. Robinson, at Jericho, in said District of Chittenden, returned to and accepted and allowed by the Court of Probate for said District, as by the records of said Court of Probate, ready to be produced here in Court may appear. And the said James Wilson, Peter S Robinson, and James White, in

*Chittenden,*
January,
1824.

Wilson and
White
*vs.*
Keeler and
Wooster.

the life time of the said Robinson, and the said Wilson and White since the decease of the said Robinson, have been injured and prevented from receiving payment of their said debt, so found due and allowed to them as aforesaid, by reason of the non-performance by the said Elijah Keeler, of the condition annexed to said writing obligatory as aforesaid, and their said debt remains due and unpaid. And so the said Court of Probate for the District of Chittenden saith, that the condition annexed to said writing obligatory has been broken and the penalty thereof become absolute. By reason whereof, and by force of the statute in such case made and provided, an action hath accrued to said Court of Probate, &c.

This cause having been brought to this Court by appeal from the County Court, at the present term of this Court, after judgment by verdict for the penal sum of said bond, and after the said Wilson and White were entered as prosecutors of said action, the defendants filed in Court the following plea in bar:—" And now the said defendants, after judgment for the penal sum of the bond by *nil dicit,* and after the entry of the said Wilson and White as prosecutors, say, that the said Wilson and White from having any execution against them for any supposed damages set forth in said declaration, ought to be barred, because they say, that previous to the appointment of the said Elijah Keeler as administrator *de bonis non* of the estate of the said Charles McNiel deceased, and before the execution of the said writing obligatory, set forth in the plaintiff's declaration, an inventory of all and singular the goods, chattels and estate which were of the said Charles McNiel deceased, had been made and returned to said Court of Probate. And that before the appointment of the said Elijah Keeler as administrator *de bonis non* as aforesaid, the whole amount of the personal estate of the said Charles McNiel had been accounted for to the said Court of Probate by the then administrators, and by a decree of said Court of Probate on the 21st day of April, 1815, the same was duly settled in said Probate office, and the balance then in the hands of the said administrator, divided among the several creditors to said estate. That at the time when the said Elijah Keeler was appointed administrator *de bonis non* as aforesaid, no personal estate remained, and none ever came into the hands or possession of the said Elijah Keeler as such administrator; and nothing re-

Chittenden,
January,
1824.

Wilson and
White
vs.
Keeler and
Wooster.

mained appertaining to said estate, except three hundred acres of land, and the said land was by virtue of an order of said Court of Probate disposed of, and a return thereof regularly made to said Court of Probate, and by said Court accepted, as by the records of said Court in said Court remaining will appear.

And the defendants further say, that afterwards, to wit, on the 18th day of November, 1823, at a Court of Probate holden at Williston in and for said District of Chittenden, the account of the said Elijah Keeler as administrator as aforesaid was duly adjusted and settled, and a balance of $840 34 then found due from the said Elijah Keeler as administrator; and the said Court of Probate then and there decreed, that the said balance of $840 34 should be divided among the several creditors to said estate, amounting to a dividend of 12 cents on the dollar, as by the records of said Court of Probate may more fully appear. And the said defendants aver that the said Elijah Keeler, administrator as aforesaid, has ever been and still is ready to pay the said dividend of 12 cents on the dollar to the creditors to said estate, and the same is now ready for the said Wilson and White if they will receive the same; all which, these defendants are ready to verify, &c.

To this plea there was a demurrer and joinder.

*A. Foot* for the plaintiffs.

*Adams* for the defendants.

AIKENS J. delivered the opinion of the Court.

The question for the decision of the Court is the sufficiency of the defendant's plea in bar. It appears by the pleadings that Keeler was appointed administrator *de bonis non* of the goods and estate of Charles McNiel deceased, on the third day of February, 1818, and that the bond on which the present suit was brought was dated the same day. By the condition of the bond, Keeler was bound to make and return an inventory of the goods and estate not administered by the first Tuesday of May, 1818, and to render an account of his administration by the first Tuesday of February, 1819. The plea does not aver a performance of either of these conditions. And the want of personal estate is no excuse for not returning an inventory of the real estate which it is admitted

came into the hands of Keeler as administrator. Real estate being by statute subjected to the payment of debts in the hands of the administrator, it is material that he should inventory it; and the fact that it was inventoried, by a former administrator, cannot excuse the succeeding administrator. The inventory by the first administrator is no evidence that the property came into the hands of the administrator *de bonis non* ; for it may have been sold, and the avails administered or wasted by the first administrator, and he cannot be permitted to resort to that as a shield, which he would not be bound to recognise as evidence against him.

It has been already decided by this Court in the case of Matthews Judge of Probate *v.* Page and Henshaw, (Bray. 106) that the neglect of an administrator to render an account of his administration is a breach of the condition of his bond, for which a creditor may prosecute. Indeed this is the case with every neglect of duty which materially affects the right of creditors. And no duty of an anministrator more materially affects the creditor than a return of the inventory and a settlement of the administrator's account ; for when fairly rendered they are conclusive upon him.

The subsequent settlement with the Probate Court on the 18th of November, 1823, being after the liability incurred, and after action brought, and judgment therein by *nil dicit* for the penalty, cannot avail the defendants in bar. The plea in bar is therefore insufficient, and

Judgment must be rendered for the plaintiffs.